1  CHRISTOPHER FROST (SBN 200336)
   cfrost@eisnerlaw.com
2  MICHAEL DAILEY (SBN 301394)
   mdailey@eisnerlaw.com
3  EISNER JAFFE, APC
   9601 Wilshire Boulevard, 7th Floor
4  Beverly Hills, California 90210
   Telephone:   (310) 855-3200
5  Facsimile:   (310) 855-3201

6  Attorneys for Plaintiff
   COZY COMFORT COMPANY LLC

7

8              UNITED STATES DISTRICT COURT

9        FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  COZY COMFORT COMPANY LLC,          Case No.

12                                     **COMPLAINT FOR:**
                   Plaintiff,          1.  **FEDERAL TRADEMARK**
13                                          **INFRINGEMENT;**
                                       2.  **FEDERAL TRADEMARK**
14          vs.                            **DILUTION;**
                                       3.  **TRADE DRESS**
15                                          **INFRINGEMENT;**
    ONTEL PRODUCTS CORPORATION;        4.  **FALSE DESIGNATION OF**
16  and DOES 1-100, inclusive,             **ORIGIN;**
                                       5.  **UNFAIR BUSINESS**
17                                          **PRACTICES;**
                   Defendants.         6.  **FEDERAL FALSE**
18                                          **ADVERTISING;**
                                       7.  **CALIFORNIA COMMON**
19                                          **LAW PASSING OFF; AND**
                                       8.  **STATE COMMON LAW**
20                                          **UNFAIR COMPETITION**

21                                     **JURY TRIAL DEMANDED**

22

23

24

25

26

27

28

689549

## INTRODUCTION

1.      Ontel Products Corporation—owned and operated by Ashok ("Chuck") Khubani (along with his brothers A.J. and Andy, the "Khubani Brothers")—has made many fortunes with one simple, well-known, and illegal business model: rip off the inventions and ideas of others, undercut their pricing, aggressively market, and drive the inventor-"competitor" out of the market.  When lawsuits arise—and they often do—the Khubani Brothers consider those litigation costs a mere price of doing business.  This is how the Khubani Brothers became infamously known as the "knockoff kings" for their illegal tactics made famous by Ontel and the related entity Telebrands.  A simple PACER search reveals the number of infringement actions filed against Ontel.  Ontel's principals have also been the subject of FTC complaints and investigations, including at least one that led to a more-than-$7 Million settlement.

2.      This case is no exception.  Michael and Brian Speciale (the "Speciale Brothers") formed Cozy Comfort Company LLC ("Cozy Comfort" or "Plaintiff") for the express purpose of marketing and selling "The Comfy"—a "Blanket...That's A Sweatshirt."  The Speciale Brothers invented, created, and made famous on Shark Tank, The Comfy, also known as the "COZY."  They immediately applied for all appropriate patent and trademark protections for both "The Comfy" and "COZY," and have otherwise taken all appropriate steps to protect the intellectual property that is and surrounds The Comfy.  The Comfy has obtained and maintained a unique and important position in the marketplace.

3.      Ontel could not care less.  Despite Cozy Comfort's in-place protections and legal priority, Ontel began manufacturing, marketing, and selling the "Cozy Around."  The Cozy Around is not only confusingly similar to The Comfy, it is essentially the exact same product as (although of a lesser quality than) The Comfy, and is made to the exact same specifications.  Ontel has advertised the product in the exact same way as The Comfy, including stealing the exact same slogan: the

EISNER JAFFE

9601 WILSHIRE BOULEVARD, 7TH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

"Blanket That's A Sweatshirt."  Ontel has even deceptively included the trademark ™ symbol next to the name "Cozy Around" to create the false impression of rights to products and a name that are direct rip offs of The Comfy and the Cozy Comfort name.  The products are so confusingly similar that third-party review sites have actually confused the two sources and used pictures of Michael Speciale and The Comfy in reviewing Ontel's infringing product.  For example, on the popular "TV Stuff Reviews" website, the Cozy Around review contains a three-minute video for The Comfy instead:

   

Source: https://tvstuffreviews.com/cozy-around

4.     The websites also look virtually identical—well at least they did.  For example, the Cozy Around website (www.cozyaround.com) contained images and situations that were virtually identical:

 

Source: https://thecomfy.com/           Source: www.cozyaround.com

3

And, the Cozy Around website contained virtually identical images as The Comfy, marketing the same features:





Source: https://thecomfy.com/           Source: www.cozyaround.com

As soon as Cozy Comfort became aware of the infringing website, it sent a cease-and-desist letter to Ontel demanding that the Cozy Around website be removed. In a candid admission-by-conduct, the Cozy Around website was taken down the very next day. Nevertheless, Ontel is still aggressively marketing the Cozy Around at trade shows, infomercials, and to "big box" retailers. Cozy Comfort is suffering substantial, ongoing damage, and is otherwise entitled to preliminary and permanent injunctive relief. This lawsuit followed.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331. This action relies on and implicates numerous federal claims and statutes. Supplemental jurisdiction of the related claims is proper pursuant to 28 U.S.C. § 1367.

6.     Personal jurisdiction is proper over Ontel because it markets products and services to customers and prospective customers in this District and State, and Plaintiff is informed and believes and alleges thereon that at all relevant times herein, Defendant performed services, sold its products and/or otherwise transacted business in this District and State.

7.     Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)(2).  Ontel transacts business in the Central District of California and the acts alleged herein took place, in part, in the Central District of California.

## THE PARTIES

8.     Plaintiff Cozy Comfort Company LLC is an Arizona limited liability company, with its principal place of business in Arizona.

9.     Plaintiff is informed and believes and thereon alleges that Defendant Ontel Products Corporation is a New Jersey corporation, with its principal place of business in Fairfield, New Jersey. On information and belief, Defendant's president is Ashok Khubani, who, along with various family members, owns and/or controls numerous Internet and direct response marketing companies.

10.     The true names and capacities of Defendants DOES 1 through 100, inclusive, and each of them, are presently unknown to Plaintiff, and Plaintiff therefore sues said defendants by such fictitious names. Plaintiff will seek leave of Court to amend this pleading to allege the true names and capacities of said defendants when ascertained.  Plaintiff is informed and believes and thereon alleges that each of said DOE defendants performed, participated in, abetted in some manner, or is otherwise responsible in some manner for the conduct alleged herein and is liable to Plaintiff for the relief sought in this Complaint. Except as otherwise stated, all defendants shall be referred herein after collectively as "Defendants."

11.     Plaintiff is informed and believes and thereon alleges that each of the Defendants is now, and has been at all times herein mentioned, the agent, servant, employee, partner, associate, joint venture, co-participant, and/or principal of or with each of the remaining Defendants, including the DOE Defendants, and that each Defendant has been, at all times herein mentioned, acting within the scope of such relationship and with the full knowledge, consent, authority, ratification, and/or permission of each of the remaining Defendants.

EISNER JAFFE
9601 WILSHIRE BOULEVARD, 7TH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EISNER JAFFE

9601 WILSHIRE BOULEVARD, 7TH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

## GENERAL ALLEGATIONS

### The Speciale Brothers, Through Cozy Comfort, Invent and Protect The Comfy

12.   Brian and Michael Speciale invented The Comfy and formed the company Cozy Comfort Company LLC.  Michael Speciale came up with the idea for The Comfy after seeing his seven-year-old nephew tucking his arms and legs inside a sweatshirt and wearing it like a blanket.  The Speciale Brothers invented and created a prototype.  The product was so unique that the Speciale Brothers earned a spot on the popular television program "Shark Tank."

13.   Cozy Comfort immediately began taking steps to protect their intellectual property, as well as to promote and advertise The Comfy.  As a result, Cozy Comfort is the lawful owner of numerous trademarks (the "Comfy Marks"), including federal trademark application 87544344 for "COZY" and trademark application 87642804 for "THE COMFY", and the trade dress associated with the look, feel and design of The Comfy product, Cozy Comfort's website and its social media and marketing copy, as well as the slogan and tagline "The Blanket…That's a Sweatshirt!" as seen on the website at https://thecomfy.com/ (collectively, the "Comfy Trademark Rights").  Accordingly, Cozy Comfort has exclusive rights to THE COMFY trademark and prior claim to the right to use the mark COZY in relation to wearable blankets or whole body blankets by virtue of such applications and its long, continuous and extensive use, promotion and advertising of THE COMFY mark and The Comfy Trademark Rights in connection therewith.

14.   Cozy Comfort has continuously and extensively used the Comfy Trademark Rights in connection with the promotion and advertising of its business and the sale of its products.  Cozy Comfort's customers, potential customers, business partners and other industry contacts have come to immediately recognize the Comfy Trademark Rights in connection with its wearable blanket products and its business.  Thus, as a result of long, continuous and extensive use, promotion and advertising, and by virtue of widespread publicity, enormous public recognition of

6

the Comfy Trademark Rights has been developed and, as a result, such rights have acquired extremely valuable goodwill accruing exclusively to Plaintiff.

15.     Cozy Comfort also owns the copyright in and to all the design and text on its website, social media and marketing campaigns, including, without limitation, the videos seen on its website and on its social media sites (the "Comfy Copyrights").

16.     Cozy Comfort also has two patent applications—Application Nos. 62558136 and 296174210—that are pending and once issued, will provide an exclusive monopoly on all elements claimed in the applications.

17.     Cozy Comfort has engaged consumers and consistently provided high-quality goods through numerous channels of trade.  Because of the prominence of The Comfy Marks and Cozy Comfort's name and business, these names and products have become widely known to the public, both in California and the United States; and the Cozy Comfort has been delivered to customers located in 66 countries.  Thus, substantial goodwill has resulted.  The Comfy Marks and products are inherently distinctive and inextricably intertwined with the products Cozy Comfort provides.  Indeed, since appearing on Shark Tank, The Comfy has gone "viral" on social media platforms and online reviewers—earning tens of millions of video videos on Facebook, and numerous news outlets, that include:



This publicity has driven more than a million people to The Comfy's marketing and direct-to-consumer sales website.  For example, in the seven days after appearing on Shark Tank on December 3, 2017, approximately 125,000 individuals visited The Comfy's website.  And, since going viral, almost a million individuals had visited The Comfy's website by December 31, 2017.

///

## **Defendants' Infringement**

18.    Defendants—having seen yet another successful product with incredible buzz and strong customer following—set its sights on The Comfy and Cozy Comfort.  Indeed, Defendants immediately began copying every aspect of the Plaintiff's business and prized product.  Cozy Comfort is informed and believes and thereon alleges that on January 29, 2018, Defendants set up a website: www.cozyaround.com – a site that does not at all reference Ontel, instead using "COZY" and other Comfy Trademark Rights.   It is readily apparent that Defendants' use of multiple elements of the Comfy Trademark Rights is likely to cause confusion, or to cause mistake, or to deceive, in violation of numerous federal and state statutes and common law rights.  Similarly, the use of marks, trade dress and even the exact same slogan "The Blanket That's a Sweatshirt!" that are identical and/or substantially similar to Cozy Comfort's Comfy Trademark Rights for Defendants' goods is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of Defendants' business with Cozy Comfort, or as to the origin, sponsorship, or approval of your products or commercial activities by our client, in violation of 15 U.S.C. § 1125(a).

19.    Indeed, Cozy Comfort has already encountered instances of actual confusion from members of the public.  Many elements of Defendants' product itself and the look and feel and design of Defendants' website, social media and marketing materials are highly similar if not identical to Cozy Comfort's product, website, social media and marketing materials.  Therefore, Defendants face liability for trademark infringement, trademark dilution and unfair competition under federal and state law, including injunctive relief and monetary damages.

20.    Moreover, the fact that Defendants' use and display of their trade copy so closely resembles Cozy Comfort's use of its Comfy Trademark Rights, including the direct rip-off of the slogan and tagline "The Blanket…That's a Sweatshirt!" and the fact that our client has "Cozy" in its company name demonstrates actual

knowledge of Cozy Comfort and its business, and thus evidences willful infringement, which the law does not countenance.

21.    In addition, Defendants have directly copied and lifted several copyrighted elements of Cozy Comfort's website, social media sites and marketing materials, including, without limitation, use of the following text or statements to tout their product:

- Made of luxurious blanket material lined with sherpa
- Reversible
- Oversized hood
- Oversized pocket

Finally, the design and other aspects of the Cozy Around product are infringing of Cozy Comfort's Comfy Patent Rights.  Once these patents are issued, Cozy Comfort will amend this complaint to add claims for patent infringement.

22.    Cozy Comfort sent Ontel a cease-and-desist letter on March 14, 2018. The next day, the Cozy Around website was taken down.  Nevertheless, Defendants are continuing to market and sell their infringing products through, among other channels, infomercials, direct sales efforts, and through big box retailers.  Many big box retailers and consumers are choosing to carry and purchase Ontel's infringing products because of Ontel's fraudulent assurances that they are not infringing, as well as Ontel's illegal pricing scheme.   More specifically, Ontel is illegally undercutting Cozy Comfort's pricing by, among other things, offering a "29.99 double offer" that is nothing of the sort.  For example, Ontel then charges an exorbitant $8.99 for shipping for each product, and uses aggressive upsell tactics when customers place orders—tactics often scrutinized by the Federal Trade Commission.  Therefore, Cozy Comfort filed this lawsuit seeking, among other things, actual and statutory damages, disgorgement of profits, punitive damages, attorney's fees, and preliminary and permanent injunctive relief prohibiting the advertising or sale of the infringing products.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement – 15 U.S.C. §1125(a))

23.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-22 of this Complaint.

24.     The actions of Defendants described above and specifically, without limitation,  their confusingly similar variation of Plaintiff's trademark, in commerce to advertise, promote, market, and sell their products throughout the United States including California, constitute trademark infringement in violation of 15 U.S.C. § 1114.

25.     The actions of Defendants, if not enjoined, will continue.  Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the Comfy Marks, and injury to Plaintiff's business.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

26.     Pursuant to 15 U.S.C.  § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendants on sales of the Cozy Around, and the costs of this action.  Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendants were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exception case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

### (Federal Trademark Dilution – 15 U.S.C. §1125(c))

27.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-26 of this Complaint.

28.     The actions of Defendants described above are likely to cause dilution by blurring and tarnishment in violation of 15 U.S.C. 1125(c).

29.     The actions of Defendants, if not enjoined, will continue.  Plaintiff has

suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the Comfy Marks, and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1125(c).

30.    On information and belief, the actions of Defendants described above were and continue to be deliberate and willful. Plaintiff is therefore entitled to recover damages in an amount to be determined at trial, profits made by Defendants on sales of the Cozy Around, and the costs of this action pursuant 15 U.S.C. § 1117.

31.    Consumers are likely to be misled and deceived by Defendants' obvious copying of the Comfy Marks and the Comfy Trademark Rights.

32.    Defendants knew or should have known that their statements were false or likely to mislead.

33.    As an actual and proximate result of Defendants' willful and intentional acts, Plaintiff has suffered damages in an amount to be determined at trial, and unless Defendants are enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation, and goodwill.

34.    Pursuant to 15 U.S.C. § 117, Plaintiff is entitled to damages, an accounting for profits made by Defendants on sales of the Cozy Around, as well as recovery of the costs of this action. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF

### (Trade Dress Infringement)

35.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 34 of this Complaint and incorporates each herein by

EISNER JAFFE
9601 WILSHIRE BOULEVARD, 7TH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

reference.

36.    The trade dress of The Comfy, as well as the advertising and slogans used in connection with that advertising, is distinctive and nonfunctional. Due to Plaintiff's extensive advertising and promotion efforts, Plaintiff's trade dress has also developed a secondary meaning with consumers, and it serves to distinguish Plaintiff's goods from the goods of others.

37.    Plaintiff is informed and believes, and thereon alleges, that Defendants' promotion of the Cozy Around copied look and feel of the Cozy Around product, the concept, and promotion of The Comfy. The placement and types of photographs, texts, and statements used are similar, as described above.

38.    Due to the similarities between the trade dress of Plaintiff and Defendants' products, Plaintiff's "The Comfy" is likely to be confused with Defendants' "Cozy Around" by members of the consuming public.

39.    As a proximate result of the advantage accruing to Defendants' business from Plaintiff's nationwide advertising, sales, and consumer recognition, and as a proximate result of confusion, deception, or mistake caused by Defendants' wrongful advertising and sale of its goods, as alleged above bearing substantial similarities to Plaintiff's trade dress, Plaintiff has been deprived of and will in the future be deprived of substantial sales of its product and has been deprived of the value of its mark as a commercial asset in amounts to be determined at trial.

40.    Plaintiff is informed and believes, and thereon alleges, that unless restrained by this Court, Defendant will continue to infringe Plaintiff's trade dress and mark, thus engendering a multiplicity of judicial proceedings, and pecuniary compensation will not afford Plaintiff adequate relief for the damage to its mark in the public perception.

41.    The acts of Defendant are believed to be willful and accordingly, Plaintiff is entitled to receive treble damages as a result of Defendant's actions. Similarly, this is an exceptional case, warranting an award of attorneys' fees to

EISNER JAFFE

9601 WILSHIRE BOULEVARD, 7TH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

Plaintiff is an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

### (False Designation of Origin -- 15 U.S.C. § 1125(a)(1)(A))

42.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 41 of this Complaint and reiterates the same, as though fully set forth herein.

43.    The Comfy Marks, The Comfy, and Cozy Comfort names are used in commerce, are nonfunctional, are distinctive, and have acquired substantial secondary meaning in the marketplace.

44.    As described above in detail, Defendants are using in commerce, without Plaintiff's authorization or consent and in an explicitly misleading manner, imitations of The Comfy Marks and The Comfy, Cozy, and Cozy Comfort names, in connection with the advertisement, offering for sale, and/or sale of Defendant's products.  Defendants' actions described above constitute false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A).

45.    Plaintiff is informed and believes, and on that basis alleges, that Defendants had actual knowledge of Plaintiff's ownership and prior use of The Comfy Marks and The Comfy, and Cozy Comfort names before commencing the conduct complained of herein.

46.    Plaintiff is informed and believes, and on that basis alleges, that Defendants are engaging in the conduct complained of herein with the intent to compete unfairly against Plaintiff, to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' products are associated with, sponsored by, or approved by Plaintiff, when they are not.

47.    As a result of the acts complained of herein, Defendants have created a likelihood of injury to Plaintiff's business reputation and to the reputation and goodwill surrounding the The Comfy Marks and The Comfy, and Cozy Comfort

EISNER JAFFE
9601 WILSHIRE BOULEVARD, 7ᵀᴴ FLOOR
BEVERLY HILLS, CALIFORNIA 90210

names, and a strong likelihood of consumer confusion as to the source, origin, or relationship of Defendants' and Plaintiff's goods and services.

48.     Defendants' acts complained of herein were willful and deliberate and have caused harm to Plaintiff and its customers, and such harm will continue to increase unless Defendants are enjoined from their wrongful actions.

## FIFTH CLAIM FOR RELIEF

### (Unfair Business Practices – Cal. Bus. and &Prof. § 17200)

49.     Plaintiff repeats and re-alleges the allegations contained in paragraphs l through 48 of this Complaint and reiterates the same, as though fully set forth herein.

50.     Plaintiff has invested time, money and effort into developing and establishing The Comfy.

51.     By selling a nearly identical product, as Defendants have a practice and history of doing, Defendants have designed a method to pass-off its goods as the goods of Plaintiff, including but not limited to Defendants' Cozy Around. Such actions have caused a likelihood of confusion in the eyes of the would-be purchasers of the products.

52.     Defendants' acts constitute a false representation and designation of origin in connection with the advertising and sale of goods or services and is an unfair business practice pursuant to California's Business and Professions Code § 17200 et seq.

53.     Specifically, Defendants are using deceptive, misleading, and confusingly similar advertising for its products to identify goods in competition with Plaintiff's goods in the same trade area in which Plaintiff has already established its mark.

54.     As a direct, proximate, and foreseeable result of Defendants' wrongful conduct, as alleged above, Plaintiff's goodwill and reputation has been damaged and will continue to be damaged, resulting in losses to Plaintiff and illicit gain of profit

EISNER JAFFE
9601 WILSHIRE BOULEVARD, 7TH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

to Defendant in an amount which is unknown at the present time. Plaintiff is entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by Defendant as a result of such unfair business acts or practices.

55.     Despite receiving notice from Plaintiff of these unfair practices, Defendants have refused, and continues to refuse, to cease such actions.

56.     Defendants' acts are acts of unfair competition within the meaning of California's Business and Professions Code § 17200 et seq. Plaintiff is informed and believes that Defendants will continue to engage in those acts unless the Court Orders Defendants to cease and desist. Accordingly, Plaintiff is entitled to an injunction barring Defendants, their agents, employees, and representative from: (i) marketing, promoting, selling, or profiting from the Cozy Around or any other product that is confusingly similar to The Comfy.  Additionally, Defendants should be compelled to return the amounts it received from their unfair business practices.

## SIXTH CLAIM FOR RELIEF

### (Federal False Advertising -- 15 U.S.C. § 1125(a)(1)(B))

57.     Plaintiff repeats and re-alleges the allegations contained in paragraphs l through 56 of this Complaint and reiterates the same, as though fully set forth herein.

58.     Defendants' actions described above and specifically, without limitation, Defendants' unauthorized use of the The Comfy Marks and The Comfy, Cozy, and Cozy Comfort names, and confusingly similar variations thereof, in commerce to advertise, market, and sell their products and services, and their express and/or implied representations that their products originated with or are associated with or endorsed or approved by Plaintiff, constitute false advertising in violation of 15 U.S.C. § 1125(a)(1)(B).

59.     Defendants knew or should have known that their representations and conduct were false and/or likely to mislead consumers.

60.    Defendants' acts complained of herein were willful and deliberate and have caused harm to Plaintiff and its customers, and such harm will continue to increase unless Defendants are enjoined from their wrongful actions.

## SEVENTH CLAIM FOR RELIEF

### (California Common Law Passing Off)

61.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 60 of this Complaint and reiterates the same, as though fully set forth herein.

62.    By virtue of the acts complained of herein, Defendants intentionally caused a likelihood of confusion among the public in violation of the common law of the State of California.

63.    The purpose, tendency, and effect of Defendants' unauthorized use of the The Comfy Marks and The Comfy, Cozy, and Cozy Comfort names, or confusingly similar variations thereof, in the manner alleged above, is to enable Defendants to deceive the public by passing off Defendants' products as being produced, sponsored, endorsed, or otherwise approved by or connected with Plaintiff.

64.    Defendants' use of the The Comfy Marks and The Comfy, Cozy, and Cozy Comfort names, or confusingly similar variations thereof, in advertising and offering to sell its products, is likely to cause confusion, mistake, or deception as to the source or origin of Defendants' products, and said use constitutes infringement of Plaintiff's rights with respect to The Comfy Marks and The Comfy, Cozy, and Cozy Comfort names.

65.    Defendants' acts complained of herein were willful and deliberate and have caused harm to Plaintiff and its customers, including at least nominal damages, and such harm will continue to increase unless Defendants are enjoined from their wrongful actions.

66.    Defendants' willful acts constitute acts of fraud, oppression, and malice.

16

Accordingly, Plaintiff is entitled to exemplary and punitive damages pursuant to California Civil Code § 3294(a). Plaintiff is also entitled to attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

## EIGHTH CLAIM FOR RELIEF

### (State Common Law Unfair Competition)

67.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 66 of this Complaint and reiterates the same, as though fully set forth herein.

68.   The acts and conduct of Defendant as alleged above constitute unfair competition pursuant to the common law of the State of California.

69.   This wrongful conduct is injuring Plaintiff and is diverting from Plaintiff to Defendants' customers who would otherwise buy Plaintiff's products. As a result, Defendants' wrongful conduct has caused direct and proximate damage to Plaintiff.

70.   Plaintiff is further informed and believes that Defendants' wrongful conduct was willful, intentional, and with disregard for Plaintiff's rights.

71.   Defendants' conduct as alleged above has damaged and will continue to damage Plaintiff's goodwill and reputation and has resulted in losses to Plaintiff and an illicit gain of profit to Defendant in an amount which is unknown at the present time but to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants as follows:

A.   That Plaintiff be granted preliminary and permanent injunctive relief under 15 U.S.C. § 1051 *et seq.*; California Business and Professions Code §§ 17200 and 17500 *et seq.*; and federal law and California common law of contributory trademark infringement and vicarious trademark infringement; specifically, that Defendants and all of their respective officers, agents, servants, representatives,

EISNER JAFFE
9601 WILSHIRE BOULEVARD, 7TH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

EISNER JAFFE
9601 WILSHIRE BOULEVARD, 7TH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

employees, attorneys, and all other persons acting in concert with them be enjoined from:

1.   advertising or selling the Cozy Around or any other product that is confusingly similar to The Comfy;

2.   using The Comfy Marks and The Comfy, Cozy, and Cozy Comfort names, or any mark or name that is confusingly similar, in connection with the marketing, promotion, advertising, sale, or distribution of any products;

3.   directly or indirectly engaging in false advertising or promotion of the Cozy Around  or any other product that is confusingly similar to The Comfy;

4.   making or inducing others to make any false, misleading or deceptive statement of fact, or representation of fact in connection with the promotion, advertisement, packaging, display, sale, offering for sale, manufacture, production, circulation, or distribution of the Cozy Around;

B.   That Defendants file, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendants have complied with the terms of the injunction;

C.   That Defendants be adjudged to have unlawfully and unfairly competed against Plaintiff under the laws of the State of California, Cal. Bus. & Prof. Code § 17200, *et seq.*;

D.   That Defendants be adjudged to have competed unlawfully and unfairly against Plaintiff by engaging in false or misleading advertising under the laws of the State of California, Cal. Bus. & Prof. Code § 17500, *et seq.*;

E.   That Plaintiff be awarded damages pursuant to 15 U.S.C. § 1117(a), sufficient to compensate it for the damage caused by Defendants' false and misleading statements;

F.   That the Court enter an order requiring the destruction of the infringing articles pursuant to 15 U.S.C. § 1118;

G.   That Defendants file, within ten (10) days from entry of the order

1   requiring destruction of the infringing articles, a declaration with this Court signed

2   under penalty of perjury certifying that all infringing articles were destroyed;

3       H.      That Plaintiff be awarded Defendants' profits derived by reason of said

4   acts, or as determined by said accounting;

5       I.       That such damages and profits be trebled and awarded to Plaintiff and

6   that it be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C.

7   § 1117, as a result of Defendants' willful, intentional, and deliberate acts in violation

8   of the Lanham Act;

9       J.       That Plaintiff be awarded relief in an amount sufficient to compensate

10  it for the damage caused by Defendants' unfair competition and false advertising

11  under California Business and Professions Code §§ 17200 and 17500 *et seq.* and

12  contributory trademark infringement and vicarious trademark infringement under

13  federal law and California common law;

14      K.      That Defendants be required to disgorge all unlawfully-obtained

15  profits;

16      L.      That Plaintiff be granted prejudgment and post judgment interest;

17      M.      That Plaintiff be granted costs and fees associated with the prosecution

18  of this action; and

19      N.      That Plaintiff be granted such further statutory and common law relief

20  as the Court may deem just and proper.

21

22  Dated: April 1, 2018                EISNER JAFFE, APC

23

24                                      By:    _/s/ Christopher Frost_____
                                               Christopher Frost
25                                             Attorneys for Plaintiff
                                               COZY COMFORT COMPANY LLC
26

27

28

**E I S N E R   J A F F E**
9601 WILSHIRE BOULEVARD, 7TH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

1

## **JURY TRIAL DEMAND**

2

Cozy Comfort, LLC hereby requests a trial by jury of all claims so triable.

3

4

Dated: April 1, 2018                    EISNER JAFFE, APC

5

By:    _/s/ Christopher Frost_

6                                                    Christopher Frost

7                                                    Attorneys for Plaintiff
                                                     COZY COMFORT COMPANY LLC
8

9

10

11

**EISNER JAFFE**
9601 WILSHIRE BOULEVARD, 7TH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT